**LEROY FONTENO**
**JAMEISHA FONTENO**
1053 Ashbridge Bay Drive
Pittsburg, California 94564
EMAIL: leroyfonteno@gmail.com

**PLAINTIFFS IN PRO PER**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY FONTENO and JAMEISHA FONTENO, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE CORPORATION;  DOES 1-10, Inclusive, <br><br> Defendant(s). | Case No.:  25-CV-00415-JSW <br><br> **VERIFIED FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES:** <br><br>   **1.  Violation of Truth in Lending Act (TILA), 15 U.S.C. § 1641(g);** <br>   **2.  Violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq (RESPA);** <br>   **3.  Violation of Business and Profs. Code, Section 17200, *et seq*.;** <br>   **4.  Violation of California Homeowners Bill of Rights;** <br>   **5.  Violation of Fair Debt Collections Practices Act;** <br>   **6.  Violations Of Home Ownership Equity Protection Act;** <br>   **7.  Cancellation of Instruments;** <br>   **8.  Elder Financial Abuse;** <br>   **9.  Accounting, Verification of Alleged Debt;** <br>   **10. Declaratory Relief** <br><br>     **JURY TRIAL DEMANDED** |

     **COMES NOW** PLAINTIFFS, LEROY FONTENO and JAMEISHA (hereinafter, "Plaintiffs") in the instant complaint against WELLS FARGO BANK; QUALITY LOAN SERVICE CORPORATION; and DOES 1 through 10, inclusive.  Plaintiffs properly allege Defendants, jointly or severally, caused the injuries complained of herein.  Plaintiffs seek damages and restitution for acts alleged herein by Defendants against Plaintiffs Property.

**PARTIES AND JURISDICTION**

1.    Plaintiffs reside and are domiciled, in California. At all material times, Plaintiffs were, and remains, the sole lawful owners of real property located at and commonly known as 1053 Ashbridge Bay Drive, Pittsburg, California 94564 (the "Subject Property"), which real property is Plaintiffs' Homestead, the subject of this litigation and is unique. As a direct and proximate result of the bad faith acts of Defendants and EACH of them, Plaintiffs have not been able to reasonably enjoy the Real Property – the SUBJECT PROPERY – which they purchased in good faith.

2.    Defendant Wells Fargo Bank, N. A. (hereinafter "WELLS FARGO"), is a nationally chartered bank organized under the laws of the United States with its main office located at 101 N Phillips Avenue, Sioux Falls, South Dakota SD 57104.  Plaintiffs believe that WELLS FARGO, is the current lender of Plaintiffs' mortgage.

3.    Defendant QUALITY LOAN SERVICES CORPORATION (hereinafter individually referred to as "QUALITY") 2763 Camino Del Rio South San Diego CA 92108 is acting as "foreclosing trustee".  Plaintiffs have no knowledge of QUALITY nor its position with regard to their mortgage.  QUALITY does not service the mortgage or have any known business with the mortgage other than attempting to perfect a wrongful trustee sale foreclosure procedure.

4.    The true names and identity of Defendants named herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs.  Plaintiffs reserve the right to amend this complaint when the true identities of any "Doe" defendant are ascertained.

5.    This Court has jurisdiction of this action as the residential real property, which is the subject of this action, is situated in Contra Costa County, California and the acts complained of occurred on Pittsburg, California. The amount in controversy exceeds $75,000.

**JURISDICTION**

6.    This Court may have jurisdiction of this action because the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332.  However, Wells Fargo violated the State Court Preliminary Injunction Order which stated NO ACTION could be taken against the Subject Property.  Attached hereto as **Exhibit D** is a true and correct copy of the Preliminary Injunction.  There is currently a hearing in this court regarding the validity, authority

1  and effect of the Preliminary Injunction.  Wells Fargo boldly ignored and violated the clear language

2  of the Preliminary Injunction.  (See **Exhibit D**).

3

4  **I.    STATEMENT OF THE CASE**

5       7.    Plaintiffs as "Borrowers" executed a mortgage loan with WELLS FARGO in good faith

6  investing in their Homestead, the SUBJECT PROPERTY which is unique. Plaintiff won an Appeal

7  – which was a Published Appellate Decision - against WELLS FARGO in 2014 and the wrongful

8  foreclosure was reversed. A true and correct copy of the Appellate Decision is attached hereto as

9  **Exhibit A**. WELLS FARGO took two years (2014-2016) to comply with the courts order to reverse

10 the trustee sale and cancel all foreclosure instruments.  Attached hereto as **Exhibit B** are the

11 rescission documents.  Wells Fargo, again has moved straight to Trustee Sale without offering

12 Plaintiffs the benefit of any loan modification, other reasonable or other reasonable or otherwise

13 equitable relief.  Wells Fargo seeks to foreclose in bold violation of the HOBOR.   Defendant Wells

14 Fargo seeks to conduct and enforce a foreclosure based upon documents that were ordered reversed

15 by the Court of Appeals. **Exhibit B** are the Rescission documents. **Exhibit C** is a true and correct

16 copy of the current Notice of Trustee Sale based upon rescinded documents.  Defendants provided

17 no new Notice of Default and continues to fail to follow lawful foreclosure procedures.  No options

18 for relief was afforded the Fontenos as required by HOBOR, even after Wells was ordered to rescind

19 and reversed the foreclosure sale.

20      8.    The FONTENOS successfully completed THREE unsolicited mortgage modifications

21 forced upon them and payment demanded by WELLS FARGO. WELLS FARGO forced the

22 Fontenos into three (3) mortgage modifications.  The FONTENOS were never late nor in default.

23 The FONTENOS successfully and timely completed all three (3) loan modifications – each one

24 were unlawfully demanded by WELL FARGO. The reason WELLS FARGO demanded these

25 modifications was for its own self enrichment.  WELLS FARGO wrongfully increased the monthly

26 mortgage payments after each modification.  The Fontenos believe each increase was designed to be

27 a financial burden and result in a foreclosure.  Nevertheless, the FONTENOs made timely payments

28 including the payment increases.  The FONTENOS timely paid and in bold violation of law Wells

1    Fargo ailed to offer the Loan Modification as the law required.  Upon the Fontenos' successful
2    completion of the third modification, WELL FARGO denied the mortgage modifications.  WELLS
3    FARGO unlawfully and wrongfully moved to foreclose.  Mr. Fonteno physically went into the Bank
4    to make mortgage payments and his mortgage payment was REFUSED.  Thus, WELLS FARGO
5    created the alleged "default" that they seek to profit.

6        9.    For over 10 years the Fontenos could not enjoy the real property, the Subject Property,
7    which they purchased in good faith.  Instead of enjoying the Subject Property, they had to deal with
8    Wells Fargo sending people to take pictures of the property, numerous harassing telephone calls and
9    solicitations because WELLS FARGO posted the Subject Property was in "default."  The Fonteno's
10   suffer manifest injustice in these matters.

11       10.   WELLS FARGO violated several Consumer Protection laws by failing to accept the
12   terms of the successful loan modification – three times. WELLS FARGO violated several consumer
13   laws, and fair lending law by oppressing the Fonteno's with its unfair mortgage practices.
14   Additionally, the FONTENOS did not request ANY of the loan modifications, WELLS FARGO
15   DEMANDED the unlawful modifications.  Wells Fargo demanded that that they modify their
16   mortgage and after they successfully timely paid each unfair mortgage increase, Wells Wrongfully
17   and unlawfully denied them a loan modification, refused to accept mortgage payments in the amount
18   of the final modification.  Wells Fargo then wrongfully moved to foreclosure.  Wells Fargo seeks to
19   profit from a default which they created, in bold violation of current laws.

20       11.   Defendant Wells Fargo seeks to conduct a foreclosure based upon documents that were
21   ordered reversed by the Court of Appeals. See **Exhibit B** are the Rescission documents and **Exhibit**
22   **C** is the current Notice of Trustee Sale.  WELLS FARGO could only proceed with foreclosure if
23   they began the process from scratch, by issuing a new notice of default.  No valid Notice of Default
24   was served upon the FONTENOS in bold violation of RESPA, TILA, HOBOR and all laws as
25   properly alledged herein. No REASONABLE options for relief was afforded the Fontenos by
26   WELLS FARGO.  Furthermore, Wells Fargo boldly violated the clear written language of the
27   Preliminary Injunction.  See **Exhibit D**.

28       12.   The Fonteno's further allege that WELLS FARGO intentionally took no action nor

1    offered any reasonable relief to the FONTENOS but chose instead  to circumvent the law and steal

2    the Subject Property. The FONTENOS contend this satisfies all the elements of Elder financial

3    abuse and all the valid allegations brought forth in this complaint.   For several years the

4    FONTENOS have suffered at the behest of Defendants and their continued fraud against their

5    customers.  Instead of attempting to reach a reasonable, lawful or good fatih resolution with the

6    Fontenos, the Fontenos were constantly harassed by unwanted solicitations because WELLS

7    FARGO wrongfully listed the home as in "default."

8        13.    The FONTENOS received no documents nor procedures required by or in compliance

9    with HOBOR to legally justify any entity to proceed with a lawful trustee sale.  All Defendants are

10   in clear violation of current California laws as properly plead herein.

**FIRST CAUSE OF ACTION**
**Violation of Truth in Lending Act (TILA), 15 U.S.C. § 1641(g)**
**(Against Wells Fargo, Quality and DOES 1-10)**

14   14.  Plaintiff re-alleges and incorporates by this reference the allegations contained in the

15   foregoing paragraphs as though set forth fully herein.

16   15.   Congress passed the Truth in Lending Act ("TILA") to ensure consumer borrowers

17   understood the true cost of consumer credit.  As one way to accomplish that goal, TILA requires

18   creditors to clearly and conspicuously disclose to borrowers the accurate and full terms of the legal

19   relationship between creditors and consumer borrowers including  the Fontenos.

20   16.  TILA requires that creditors providing residential mortgages provide, among other

21   things, disclosure of finance charges, fees, and a good faith estimate of the costs of closing a

22   residential mortgage loan. 15 U.S.C. § 1638(a).  Wells Fargo boldly and continually violates TILA

23   against the Fontenos as properly alleged herein.

24   17.  Wells Fargo is a creditor under TILA. 15 U.S.C. § 1602(g).  Wells Fargo violated

25   TILA by failing to in good faith disclose to borrowers under which laws gave Wells Fargo the

26   power to force the Fontenos into three loan modifications: 90 days each, increasing the monthly

27   mortgage payment with each modification and after each successfully completed modification,

28   Wells Fargo moved to foreclose.  Wells Fargo seeks to benefit from the alleged "default" they

created by refusing to accept mortgage payments from the Fontenos. Quality supports these violations of law as Quality are co-defendants in numerous law suits against Wells Fargo. Wells Fargo had a system under which it would unlawfully charge borrowers fees and force unlawful and wrongful foreclosures. Quality had a reasonable duty to verify the validity of the claims of Wells Fargo, not enjoin and support numerous claims of wrongful foreclosure. Plaintiffs have been injured and have suffered monetary damages and other losses because of Defendants violations of TILA.

18. Plaintiffs are therefore entitled to recover actual and/or statutory damages and attorneys' fees and costs from Wells Fargo and Quality, as provided by 15 U.S.C. § 1640 for actual damages – per transaction (ie., three loan modifications), interest accrued and charged against the Fonteno' regarding Defendants alleged "default" and other acts against the Subject Property.

19. Plaintiffs bring this action to prevent Defendants, from conducting a wrongful and unlawful sale and the unlawful theft of the Subject Property. Plaintiffs learned of the alleged and continued TILA violations when the Notice of Trustee Sale was posted on their front door - again. Plaintiffs have never received Notice that that the Loan had been assigned or otherwise transferred to any other entity. WELLS FARGO breached its duty to Plaintiff and that breach is the proximate cause of the damages suffered by the Plaintiff as only a valid beneficiary is entitled to enforce the note and direct the trustee to foreclose on the deed of trust. A foreclosure initiated by one with no authority to do so is wrongful for purposes of a wrongful foreclosure action. Plaintiffs are entitled to all damages for defendants acts as provided by law.

20. QUALITY does not have the authority to exercise the power of sale under Plaintiff's deed of trust because WELLS FARGO defrauded the Fontenos from the inception of the loan and systematically created the alleged "default" to Which they seek to profit. The Fontenos are entitled to recover damages as current law dictates.

21. QUALITY routinely and regularly assists WELLS FARGO in these fraudulent and defective transactions. QUALITY should have used a reasonable amount of care to ensure documents were properly executed and complied with laws prior to assisting WELLS FARGO from defrauding its customers who trusted WELLS FARGO with their mortgage payment. As

1   such the Notice of Trustee Sale is defective and fatally flawed.  The Fontenos are entitled to

2   damages for these acts as current law dictates.

3       22.  In initiating and pursuing the aforementioned foreclosure proceedings, WELLS

4   FARGO, have acted with willful oppressiveness and malice toward the Plaintiffs against their

5   homestead, the SUBJECT PROPERTY.  The Fontenos are entitled to recover damages for the acts

6   of Defendants properly alleged herein.

7       23.  Plaintiff has suffered damages proximately caused by the wrongful, and defective,

8   trustee sale waged against them by Defendants, including but not limited to, the imminent loss of

9   the SUBJECT PROPERTY – their homestead which is unique - and the loss of their down

10  payment on the mortgage loan, increased costs and fees assessed against them associated with the

11  wrongful foreclosure activities, and ruination of Plaintiffs' creditworthiness.  Plaintiffs also seek,

12  punitive damages against all Defendants including WELLS FARGO as a result of the wrongful,

13  fraudulent and willfully oppressive, trustee sales and foreclosure activities against Plaintiffs'

14  Subject Property as properly alleged herein.

15              **SECOND  CAUSE OF ACTION**
                **VIOLATION OF REAL ESTATE SETTLEMENT**
16              **PROCEDURES ACT, 12 U.S.C. § 2601, *et seq* (RESPA)**
                **(Against Wells Fargo, Quality and DOES 1-10)**
17

18      24.  Plaintiff incorporates by reference every prior and subsequent allegation of this

19  Complaint as if fully restated herein.

20      25.  Plaintiff did not discover, and could not have discovered through the exercise of

21  reasonable diligence, that Wells Fargo had systematic efforts to charge borrowers miscellaneous

22  wrongful fees to force wrongful foreclosures.  Any statutes of limitation otherwise applicable to any

23  claims asserted by Plaintiffs herein have thus been tolled by the discovery rule.

24      26.  The Real Estate Settlement Procedures Act ("RESPA") prohibits accepting "unearned

25  fees" including "any portion, split, or percentage of any charge made or received for the rendering of

26  a real estate settlement service in connection with a transaction involving a federally related

27  mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).

28      27.  In providing mortgages to Plaintiff, Wells Fargo rendered real estate settlement

services—as that term is defined in RESPA, at 12 C.F.R. § 1024.2(b), and by courts—in connection with a transaction involving a federally-related mortgage loan Wells Fargo violated RESPA by accepting and splitting an unearned settlement service fee—i.e., a required fee to process foreclosures without verification that the mortgage is in  fact in  default and  NOT CAUSED BY WELLS FARGO —between different entities – such as Defendants in this case.. The fee was not charged for a service actually performed because it was paid for no reason: Because Wells Fargo created the default by refusing mortgage payments and unlawful multiple loan modification, Wells Fargo should have charged no late fees, or any foreclosure related fees. The Fontenos suffer manifest injustice for 10 plus years in these matters.

28.  On information and belief, that unearned fees were split or shared among Wells Fargo entities. Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., provides the Bank's retail mortgage lending services, obtaining fees from borrowers in the process. On information and belief, Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. then share those unearned fees with Wells Fargo Bank, N.A.'s parent company, Wells Fargo & Company, a separate entity that considers mortgage origination as part of its revenue and represents to the public that it provides mortgage services and is "the leading U.S. home lender."

29.  That fee was not bona fide compensation for services actually performed because Wells Fargo's own actions created the default to which Defendants seek to profit. As a result, Plaintiffs are entitled to damages of three times the amount of the loan modifications, wrongful foreclosure attorney fees, and costs. 12 U.S.C. § 2607(d).

30.  Violations of the Real Estate Settlement Procedures Act (RESPA) can result in various remedies, including actual damages, statutory damages, and potential criminal penalties. Specifically, Defendants and each of them, may be liable for the Fonteno's actual damages, and if a pattern or practice of non-compliance exists, statutory damages of up to $2,000 per violation can be imposed.  The Fonteno's continue to suffer manifest injustice in these matters.

/ / /

/ / /

/ / /

1

2

**THIRD CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROF. CODE § 17200 *et sq***
**(Against Wells Fargo, Quality and DOES 1-10)**

3       31. Plaintiffs refer to and incorporates by this reference the allegations contained in the

4   foregoing paragraphs as though set forth fully herein.

5       32. California Business and Professions Code §17200 et seq. (also known as the Unfair

6   Competition Law or UCL) prohibits acts of unfair competition, which means and includes any

7   "fraudulent business practice" and conduct which is "likely to deceive" or is "fraudulent" within the

8   meaning of §17200. California's Unfair Competition Law ("UCL"), Business and Professions Code

9   § 17200, prohibits any "unlawful, unfair, or fraudulent business act or practices." Wells Fargo

10  engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL by

11  knowingly and intentionally concealing from Plaintiffs that Wells Fargo had systematic scheme to

12  wrongfully charge residential borrowers and by violating both federal and California laws, including

13  RESPA, TILA, and the Consumer Financial Protection Bureau's Regulation N.

14      33. Wells Fargo tells borrowers that they "can count on Wells Fargo, the nation's #1 home

15  lender." Wells Fargo's unlawful, fraudulent, and unfair business acts were done with the intention of

16  convincing buyers to finance their residential loans with Wells Fargo. Wells Fargo's systematic

17  scheme to charge excessive and unlawful fees to borrows, and concealment thereof, were material to

18  Plaintiffs. Had the Fonteno's known the truth about Wells Fargo and its history of defrauding its

19  customers, Plaintiffs would have taken steps to seeking financing elsewhere. Defendants and all of

20  them, misrepresented, concealed, or failed to disclose the truth with the intention that consumers

21  would rely on the misrepresentations, concealments, and omissions. and proximate result of

22  Defendants' misrepresentations and their concealment of and failure to disclose material

23  information.

24      34. As more fully described above, the acts and practices of Defendants are likely to deceive

25  and constitute fraudulent business acts or practices. This conduct is ongoing and continues to date.

26      35. Plaintiffs allege that the named Defendants' misconduct, as properly alleged herein,

27  gave, and has given, Defendants, and each of them, an unfair competitive advantage. The scheme

28  implemented by Defendants, in collusion with one another, is specifically designed to defraud

California consumers and enrich Defendants at the expense of consumers and real property ownership in this State.

36. By reason of the foregoing, Defendants should be enjoined from continuing such practices pursuant to California Business & Professions Code §§17203 and 17204. Plaintiffs have suffered injury in fact, including but not limited to, cloud on the title to the Subject Property, misinforming Plaintiffs' that they are about to be thrown on the streets by random guys hired by Wells Fargo from Walnut Creek, among other harms. Plaintiffs have paid fees to an attorney to learn and defend the Subject Property and constitutional due process rights. Undoubtedly, other members of the public, similarly have fallen victim to Defendants' deceptive schemes, are likely to be injured as well.

37. The harm to Plaintiffs and to members of the general public outweighs the utility (if any) of Defendants' policies and practices. Consequently, Defendants' policies and practices constitute unlawful business acts or practices within the meaning of Business & Professions Code §17200. Moreover, the foregoing conduct promotes an incipient violation of a consumer law, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

38. Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available under Business & Professions Code §17200 *et seq.* and related sections. The acts and practices described in the foregoing paragraphs are unfair and violate the Business & Professions Code because they constitute violations of all the statutes previously listed above.

39. Under California Civil Code sections 2923.55 and 2923.18, lenders, mortgage servicers, or their agents cannot record a notice of default while a borrower's foreclosure prevention alternative is pending for determination after showing eligibility for the alternative. In this matter foreclosure prevention was not offered by any Defendants prior to posting a notice of trustee sale on the Subject Property. The Fontenos are entitled to recover damages as allowed by law.

40. California Civil Code section 2924.17 requires that all documents filed/recorded in connection with a notice of default, notice of sale, trust deed assignment, or substitution of trustee (including court filed declarations) be "accurate and complete and supported by competent and reliable evidence," including the declarations required under California Civil Code sections 2923.5

or 2923.55. Wells Fargo and Quality recorded documents they knew or reasonably should have know were false or otherwise defective when Defendant recorded them. The Fontenos are entitled to damages as allowed by current law.

41. California Civil Code section 2924(a)(6) as amended, effective January 1, 2013, to provide that no entity shall record a notice of default or initiate a nonjudicial foreclosure process unless it is (1) the holder of a beneficial interest under a mortgage/trust deed, (2) the original or substituted trustee under the trust deed, or (3) the designated agent of the loan beneficiary. This limitation is not reserved just for residential loans given the breadth of the recent amendment. The greater of treble damages or $50,000 statutory damages if the material violations are judicially found to have been intentional, reckless, or the result of willful misconduct by the lender or mortgage servicer. In this matter, WELLS FARGO has acted in a manner that is wreckless, and willful as is evidenced by the material violations properly alleged herein. The Fontenos are entitled to the greater of treble damages for each offense properly alleged herein.

42. The California Civil Code section 2924.9 requirement that a mortgage servicer must send borrower notice of loss mitigation options within five days of NOD recordation; and the California Civil Code section 2924.10 requirement that servicer respond within five days to borrower's written communication after completion of a trustee's sale. An award of reasonable attorney's fees and costs to the prevailing borrower if the borrower obtained injunctive relief or suffered extraordinary violations, injustice and damages. The Fontenos are entitled to receive all damages allowed by law in this matter.

43. To encourage foreclosure prevention alternative discussions, the larger residential lenders—those conducting more than 175 annual residential foreclosure sales—cannot have their mortgage servicers charge any application, processing, or other fee for a first lien loan modification and, while a foreclosure prevention alternative is being considered or appealed internally, cannot collect late fees. The Fontenos have been charged late fees and should be entitled to damages for the violations of defendants as properly alleged herein.

44. At all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion, under the

1   Federal Fair Credit Reporting Act. 65. Defendants wrongfully, improperly, and illegally reported

2   negative information as to Plaintiffs to one or more Credit Reporting Agencies, resulting in

3   Plaintiffs having negative information on their credit reports and the lowering of their FICO scores.

4       45.  The negative information included but was not limited to an alleged "default".

5   Notwithstanding the above, Plaintiffs have paid each and every payment on time from the time of

6   the loan closing through the present to the Lender which they were obligated, they have NEVER

7   "defaulted" on their mortgage payments securing the Subject Property.  Wells Fargo refusing to

8   accept mortgage payments cannot qualify as a "default."  Wells Fargo actions created the alleged

9   default.  The Fontenos are entitled to damages as allowed by law for the bad faith acts of these

10  Defendants.   Plaintiffs suffer manifest injustice in this matter.

11      46.  Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff are entitled to maintain a private cause

12  of action against Defendants for an award of damages in an amount to be proven at the time of trial

13  for all violations of the Fair Credit Reporting Act which caused actual damages to Plaintiff,

14  including emotional distress and humiliation.  Plaintiff are entitled to recover damages from

15  Defendants for negligent non-compliance with the Fair Credit Reporting Act pursuant to 15 USC

16  sec. 1681(o), as well as other harms properly alleged herein.

17      47.  Plaintiff are also entitled to an award of punitive damages against Defendants for their

18  willful noncompliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(n)(a)(2) in

19  an amount to be proven at time of trial.  Specifically, and as set forth with greater particularity in

20  preceding paragraphs, Defendants engaged in deceptive business practices with respect to mortgage

21  servicing, assignment of deed of trust, trustee substitution and the filing of false fraudulent

22  foreclosure document (NOD) and other documents and related matters by, *inter alia*:

23

24          a. Executing false and misleading documents, without the legal standing
             and authority, specifically: the Assignment of Deed of Trust
25          (FONTENOS have received no assignment from WELLS TO
             QUALITY);

26          b. Acting as beneficiaries,  servicers, investor and mortgage trustee
             without the legal authority to do so ( QUALITY);
27

28          c. Failing to comply with California Civil Code §§1709 and1710 (All
             Defendants);

d. Violating provisions of the non-judicial foreclosure statute set forth at California Civil Code §§ 2923.55(a) and (b)(1), 2924(a)(1) and 2924(a)(6), 2924,17 and 2934a  (ALL DEFENDANTS);

e. Continuing to pursue foreclosure activities against Plaintiffs without authority to do so (ALL DEFENDANTS)

f. Recorded defective documents constituting violations of Penal Code §§ 115 and 532(f) (ALL DEFENDANTS); and

g. Engaging in other deceptive practices, including those which may be uncovered during the course of discovery (ALL DEFENDANTS).

48. Plaintiff alleges that the named Defendants' misconduct, as alleged herein, gave, and has given, Defendants, and each of them, an unfair competitive advantage over their competitors. The scheme implemented by Defendants, in collusion with one another, is specifically designed to defraud California consumers and enrich Defendants at the expense of consumers in this State.

49. By reason of the foregoing, Defendants should be enjoined from continuing such practices pursuant to California Business & Professions Code §§17203 and 17204.  Plaintiff has suffered injury in fact, including but not limited to, the imminent loss of title to his property as a result of Defendants' illegal foreclosure activities, monies paid to loan servicers on behalf of an invalid beneficiary, damage to his credit standing, the inability to cure the purported loan default through modification of the terms of his loan with the true and valid lender, and monies paid to these defendants which have no right to collect mortgage payments from Plaintiff. In addition, Plaintiff has paid fees to a forensic mortgage securitization auditor and attorney to learn and defend his property and constitutional due process rights. Undoubtedly, other members of the public, similarly have fallen victim to Defendants' deceptive schemes, are likely to be injured as well.

50.    The harm to Plaintiff and to members of the general public outweighs the utility (if any) of Defendants' policies and practices. Consequently, their policies and practices constitute unlawful business acts or practices within the meaning of Business & Professions Code §17200. Moreover, the foregoing conduct promotes an incipient violation of a consumer law, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

51.    Plaintiff is therefore entitled to injunctive relief and attorney's fees and cost of suit as provided under Business & Professions Code §17200 *et seq.* and related sections and under any

California private attorney general statutes. The acts and practices described in the foregoing paragraphs are unfair and violate the Business & Professions Code because they constitute violations of all the statutes previously listed above.

52.  Plaintiff suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations and their concealment of and failure to disclose material information. Pursuant to Cal. Bus. & Prof. Code § 17200,  seek an order enjoining Defendants' unfair and/or deceptive acts or practices, any such orders or judgments as may be necessary to restore to Plaintiff any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the California UCL.

**FOURTH CAUSE OF ACITON**
**VIOLATION OF CALIFORNIA HOMEOWNERS BILL OF RIGHTS**
**(Against Wells Fargo, Quality and DOES 1-10)**

53. Plaintiffs refer to and incorporate by this reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

54. Defendants have violated California Civil Code section 2920.5 which insures that mortgage servicers for lenders are expressly subject to foreclosure prevention alternatives under the National Mortgage Settlement or the Homeowner Bill of Rights.  No foreclosure prevention alternatives were offered to Plaintiffs prior to the recording of the defective Notice of Default.

55.  Defendants have violated California Civil Code sections 2923.4 and 2923.5 which adds to protections targeted at lenders not attempting to engage in loan modifications or other foreclosure alternatives in a serious, good faith basis.   Defendants, here and each them, failed to attempt to engage in any loan modification or any other good faith alternative to wrongful foreclosure. Defendants claim rights to payments on Plaintiffs Mortgage Loan. Plaintiffs have in fact made payments and those payments were returned or otherwise rejected for the purpose of  WELLS FARGO creating a "default".

56.  The claim of Defendants of "default" without any right, cause or basis, whatsoever, and Defendants have no legal or equitable right, claim, or interest in the Subject Property.  Plaintiffs

1    seek an order from this court instructing the Defendants to cancel the defective NOD during the

2    pendency of this matter.  Plaintiffs are not required to tender any outstanding mortgage debt because

3    the Defendants seeking to collect the debt are without standing to do so.  It is well established in

4    Californian that tender is not required when there are allegations of fraud.

5         57.  Under California law, a promise which the promisor should reasonably expect to induce

6    action or forbearance on the part of the promise or a third person and which does induce such action

7    or forbearance is binding if injustice can be avoided only by enforcement of the promise. Promissory

8    estoppel is an equitable doctrine whose remedy may be limited as justice so requires. The elements

9    of promissory estoppel are: (1) a clear promise; (2) reasonable and foreseeable reliance by the party

10   to whom the promise is made; (3) injury (meaning, substantial detriment); and (4) damages

11   measured by the extent of the obligation assumed and not performed.  In this matter Plaintiffs paid

12   their mortgage and never defaulted. Wells Fargo demanded  Plaintiffs take not one but THREE loan

13   modifications and during that process, unbeknownst to Plaintiffs at the time the 30 year fixed

14   mortgage disappeared.   Wells Fargo wrongfully DENIED any of the three forced loan

15   modifications. HOBOR allows that the successful completion of ONE mortgage loan modification is

16   sufficient for  the mortgage modification to be granted.  Furthermore, Plaintiffs did not request a

17   loan modification, and was not late or in default on their mortgage payments.  It is clear that the sole

18   purpose of the multiple unsolicited, forced loan modification can be reasonably deemed to force the

19   Fontenos into an unfair "default".  Plaintiff further contends that Wells Fargo refused to accept

20   payments, in person or by mail thereby created a notice of default.  Wells Fargo instead of acting in

21   good faith, dragged this matter out for several years to create a situation where the sums due would

22   ensure Plaintiffs could not pay.  Plaintiffs are entitled to recover punitive damages and other

23   damages as current law allows.  Plaintiffs suffer manifest injustice in these matters.

24        58. Plaintiffs been damaged by Wells Fargo's alleged failures to comply with applicable

25   federal and state laws in connection with unsolicited and forced mortgage loan modification

26   demands.  Plaintiffs' asserted claims also fall under the Equal Credit Opportunity Act, 15 U.S.C. §

27   1691(d) ("ECOA"); the California Consumer Debt Collection Act, the Homeowner Bill of Rights

28   and several other violations of consumer protection laws, mortgage fraud and other violations. Wells

1  Fargo demanded Plaintiffs make not one, but THREE loan modifications and Plaintiffs successfully

2  paid each one (total of 9 modification payments, each on increasing in Wells Fargo's effort to force

3  a default) Wells Fargo DENIED all three loan modifications and refused mortgage payments and

4  commenced foreclosure proceedings.  The Fontenos are entitled to compensation for these acts and

5  the law is clear.

6      59.  The claim of Defendants of "default" without any right, cause or basis, whatsoever, and

7  Defendants have no legal or equitable right, claim, or interest in the Subject Property.  Plaintiffs

8  seek an order from this court instructing the Defendants to cancel the defective NOD during the

9  pendency of this matter.  Plaintiffs are not required to tender any alleged outstanding mortgage debt

10  because tender is not required when there are allegations of fraud, as the Fontenos properly allege in

11  this matter.

12                          **FIFTH CAUSE OF ACTION**
                **VIOLATION OF FAIR DEBT COLLECTiON PRACTICES ACT**
13                    **(Against Wells Fargo, Quality and DOES 1-10)**

14      60.  Plaintiffs refer to and incorporates by this reference the allegations contained in the

15  foregoing paragraphs as though set forth fully herein.

16      61.  Under California Civil Code sections 2923.55 and 2923.18, lenders, mortgage servicers,

17  or their agents cannot record a notice of default while a borrower's foreclosure prevention alternative

18  is pending for determination after showing eligibility for the alternative.  In this matter foreclosure

19  prevention was not offered by any Defendants prior to recording a Notice of Default.

20      62.  California Civil Code section 2924.17 requires that all documents filed/recorded in

21  connection with a notice of default, notice of sale, trust deed assignment, or substitution of trustee

22  (including court filed declarations) be "accurate and complete and supported by competent and

23  reliable evidence," including the declarations required under California Civil Code sections 2923.5

24  or 2923.55.

25      63.  California Civil Code section 2924(a)(6) as amended, effective January 1, 2013, to

26  provide that no entity shall record a notice of default or initiate a nonjudicial foreclosure process

27  unless it is (1) the holder of a beneficial interest under a mortgage/trust deed, (2) the original or

28  substituted trustee under the trust deed, or (3) the designated agent of the loan beneficiary. This

limitation is not reserved just for residential loans given the breadth of the recent amendment. The greater of treble damages or $50,000 statutory damages if the material violations are judicially found to have been intentional, reckless, or the result of willful misconduct by the Defendants herein.

64. Defendants completely ignore the California Civil Code section 2924.9 requirement that a mortgage servicer must send borrower notice of loss mitigation options within five days of NOD recordation – Defendants here failed to do so; an award of reasonable attorney's fees and costs to the prevailing borrower if the borrower obtained injunctive relief or damages.

65. At all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion, under the Federal Fair Credit Reporting Act. 65. Defendants wrongfully, improperly, and illegally reported negative information as to Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores.

66. The negative information included but was not limited to an alleged "default". Notwithstanding the above, Plaintiffs have paid each and every payment on time from the time of the loan closing through the present to the Lender which they were obligated, they have NEVER "defaulted" on their mortgage payments securing the Subject Property. Wells intentionally created an alleged "Default" as Plaintiffs never, ever " Defaulted" on any mortgage payments to WELLS.

67. Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff are entitled to maintain a private cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of the Fair Credit Reporting Act, and other laws, which caused actual damages to Plaintiff, including emotional distress, financial ruin and humiliation.

68. Plaintiff are entitled to recover damages from Defendants for negligent non-compliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(o), and other relevant laws.

69. Plaintiff are also entitled to an award of punitive damages against Defendants for their willful noncompliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(n)(a)(2), and HOBOR in an amount to be proven at time of trial.

///
///

**SIXTH CAUSE OF ACTION**
**VIOLATION OF HOME OWNERSHIP EQUITY PROTECTION ACT**
(Against Wells Fargo, Quality and DOES 1-10)

70. Plaintiffs refer to and incorporates by this reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

71. Defendants claim rights to payments on Plaintiffs Mortgage Loan. Plaintiffs have in fact made payments and those payments were returned for the purpose of creating a "default".

72. The claim of Defendants of "default" without any right, cause or basis, whatsoever, and Defendants have no legal or equitable right, claim, or interest in the Subject Property. Plaintiffs seek an order from this court instructing the Defendants to cancel the defective NOD during the pendency of this matter. As a gesture of good faith, Plaintiffs will deposit the sums with this court for payment of their mortgage during the pendency of this action.

73. Plaintiffs are not required to tender any alleged outstanding mortgage debt because the Defendants seeking to collect the debt are without standing to do so. Furthermore, it is clearly established law that tender is not required when there are allegations of fraud.

74. Defendants failed to secure a clean chain of title to the Subject Property in violation of the condition precedent of the deed of trust and other laws as properly alleged herein.

75. In 1994, Congress enacted the Home Ownership Equity Protection Act ("HOEPA") which is codified at 15 USC sec. 1639 et seq. with the intention of protecting homeowners from predatory lending practices targeted at vulnerable consumers. HOEPA requires lenders to make certain defined disclosures and prohibits certain terms from being included in home loans. In the event of noncompliance, HOEPA imposes civil liability for rescission, statutory and actual damages.

76. Plaintiffs are a "consumers" and each Defendant is a "creditor" as defined by HOEPA. In the mortgage loan transaction at issue here, Plaintiffs were required to pay excessive fees, expenses, and costs which exceeded more than 10% of the amount financed.

77. Pursuant to HOEPA and specifically 15 USC sec. 1639(a)(1), each Defendant is required to make certain disclosures to the Plaintiffs which are to be made conspicuously and in writing no later than three (3) days prior to the closing.

78. In the transaction at issue, Defendants were required to make the following disclosure to

1   Plaintiffs by no later than three (3) days prior to said closing:

2       79. "You are not required to complete this agreement merely because you have received

3   these disclosures or have signed a loan application. If you obtain this loan, the lender will have a

4   mortgage on your home. You could lose your home and any money you have put into it, if you do

5   not meet your obligation under the loan."   Defendants violated HOEPA by numerous acts and

6   material omissions, including but not  limited to:

7
        (a) failing to make the foregoing disclosure in a conspicuous fashion;
8
        (b) engaging in a pattern and practice of extending credit to Plaintiff without
9           regard to their ability to repay in violation of 15 USC sec. 1639(h).

10      (c) By virtue of the Defendants' multiple violations of HOEPA, Plaintiff have a
            legal right to rescind the consumer credit transaction the subject of this action
11          pursuant to 15 USC sec. 1635. This Complaint is to be construed, for these
            purposes, as formal and public notice of Plaintiffs Notice of Rescission of the
12          mortgage and note.

13

14  Defendants further violated HOEPA by failing to make additional disclosures, including but not

15  limited to Plaintiff not receiving the required disclosure of the right to rescind the transaction, and

16  offering any relief from the bad faith acts of Wells Fargo.

17
                               **SEVENTH CAUSE OF ACTION**
18                         <u>**CANCELLATION OF INSTRUMENTS**</u>
                           **(Against Wells Fargo, Quality and DOES 1-10)**
19

20      80. Plaintiffs refer to and incorporates by this reference the allegations contained in the

21  foregoing paragraphs as though set forth fully herein.

22      81. Defendants claim Plaintiffs defaulted on payments to their Mortgage Loan. Plaintiff has

23  in fact made payments to Defendant WELLS FARGO and said payments were REFUSED by

24  WELLS FARGO.  By refusing mortgage payments WELLS FARGO to created the "default."

25  Plaintiffs were not served nor have received any Notice of Default, demand for payment or

26  opportunity for loan modification from WELLS FARGO.  Plaintiff also did not receive any

27  substitution of Trustee or notice of new loan servicer and have no idea under what authority

28  QUALITY can conduct a Trustee Sale against the Subject Property.

82. Because of Defendants' systematic unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiffs through the payment of fees wrongly charged to enforce an unlawful foreclosure.   Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiffs because Wells Fargo used illegal, deceptive, and/or unfair practices to wrongfully charge mortgage rate lock fees and did not disclose the practice.   Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to   for the monies paid to Defendants because of the unfair, deceptive, and/or illegal practices.

**EIGHTH CAUSE OF ACTION**
**ELDER FINANCIAL ABUSE**
**((Against Wells Fargo, Quality and DOES 1-10) as to Plaintiff LEROY FONTENO)**

83.  Plaintiffs refer to and incorporates by this reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

84.  Defendants have breached their duty to Fonteno and that breach is the proximate cause of the damages suffered by Leroy Fonteno.  Instead of enjoying his elder years he had to spend the last 14 years fighting to keep a roof over his families' head.

85.  Elder financial abuse is a type of elder abuse in which misappropriation of financial resources or abusive use of financial control, in the context of a relationship where there is an expectation of trust, causes harm to an older person.   Fonteno trusted Wells Fargo with his mortgage, an investment in his homestead, the Subject Property and Wells Fargo defrauded him.

86.  Leroy Fonteno was also a loyal Wells Fargo customer for over 25 years.  It was not until these acts of the financial institution that he trusted for so many years, did he seek another bank to service his needs.

87. The Older Americans Act of 2006 defines elder financial abuse, or financial exploitation, as "the fraudulent or otherwise illegal, unauthorized, or improper act or process of an individual, including a caregiver or fiduciary, that uses the resources of an older individual for monetary or personal benefit, profit, or gain, or that results in depriving an older individual of rightful access to, or use of, benefits, resources, belongings, or assets."  Including but not limited to

1    predatory or unnecessary lending.  Recklessness, oppression, fraud or malice in the commission of

2    abuse of the elderly. These remedies include recovery for pain and suffering and mandatory

3    attorney's fees and costs.  The Fonteno's are entitled to these remedies.

4    88.  In 1992 California enacted the Elder Abuse Civil Protection Act to help victims engage

5    lawyers to take their cases. Cal. Welf. & Inst. Code §§ 15657-15657.3. The statute creates new

6    remedies when a plaintiff proves by clear and convincing evidence that the defendant is culpable of

7    89.  Wells Fargo cannot legally exercise the power of sale under Plaintiffs deed of trust for

8    the because no "default" has occurred.    Wells Fargo refused to Accept payments and then created a

9    default for their own benefits.

10    90.  Defendants cannot legally conduct a foreclosure sale of Plaintiffs property for the

11    additional reason that the NOD was deemed invalid and rescinded.  The Plaintiffs won an appeal

12    against Wells Fargo and Wells was forced to undo the wrongful trustee sale.  Wells Fargo now seeks

13    to enforce a foreclosure denying Plaintiffs due process of law and any offer to resolve the issue of

14    default that was created by Wells Fargo in a scheme to defraud plaintiffs of their money and their

15    home based upon their age.

16    91.  Specifically, Defendants have violated Cal. Civil Code sections 2924.17(a) and (b) that

17    require that before filing a notice of default, , "a mortgage servicer shall insure that it has reviewed

18    competent and reliable evidence to substantiate the borrower's default and the right to foreclosure

19    including the borrower's loan status and loan information".  Here, Plaintiffs timely made payments

20    and Defendant Wells Fargo refused those payments, creating a default.  Wells Fargo acted in bad

21    faith and unfairly recorded a Notice of Default without just cause.  Wells Fargo caused the other

22    defendants to act against the Subject Property based upon the defective Notice of Default. Therefore,

23    Defendants violated their respective duty of care under section 2924.17.  To add insult to injury,

24    Defendants seek to enforce a trustee sale based upon rescinded documents. See Exhibit B attached

25    hereto.

26    92.  Defendants' egregious violations of California's non-judicial foreclosure statute and

27    common law constitute civil fraud under Cal. Civ. Code sections 1572, 1708, 1709, 1710 2924(a)(6)

28    and criminally actionable fraud under Cal. Penal Code sections 115 and 532(f)(a). These knowing,

1  blatant violations of law have served to deprive Plaintiffs of their constitutional due process rights

2  guaranteed by the U.S. Constitution and Art. I section 7 of California's Constitution.

3      93.  Moreover, Articles 3 and 9 of the federal Uniform Commercial Code ("UCC") set forth

4  the rules determining whether an entity attempting to enforce a promissory note is, in fact, a person

5  entitled to enforce the note", UCC section 3-301, and whether the purchaser of the note or creditor

6  of the payee to whom it was issued obtained a property interest in the note.  UCC section 9-

7  109(a)(3).  Articles 3 and 9 have been adopted by California and are set forth in Divisions 3 and 9 of

8  the California Uniform Commercial Code.

9      94.  The facts show that no defendant is a "person entitled to enforce" because Plaintiffs

10  have made timely payments and Defendant Wells Fargo refused to accept the payments and returned

11  them.

12      95.  Moreover, for a mortgage to be in default, the borrower, or maker of the promissory

13  note, must have dishonored the note.  Under UCC section 3-502, a promissory note is not

14  dishonored until the maker refuses to pay it **when presentment thereof is made.**  "Presentment" is

15  defined as a demand to pay the instrument made by a person entitled to enforce an instrument.  The

16  UCC also requires that "[u]pon demand of the person to whom presentment is made, the person

17  making presentment **must** exhibit the instrument. UCC 3-501(B)(2)(a).  Here Plaintiffs have made

18  payments and they were refused by Wells Fargo without cause or justification.   Plaintiffs have NOT

19  dishonored the Note.  Plaintiffs have made timely payments and Wells Fargo refused to accept those

20  payments.  This bad faith act was designed to create a default and result in wrongful foreclosure.

21      96.  Until proper presentment is made, the UCC requires that the "obligation is suspended to

22  the same extent the obligation would be discharged if an amount of money equal to the amount of

23  the instrument were taken ... in the case of a note, suspension of the obligation continues until

24  dishonor of the note or until it is paid".  UCC 3-310(b).  Therefore, the borrower, here the Plaintiff,

25  is not in default until the lender can exhibit the instrument, proving dishonor.  Defendants herein

26  cannot produce any such evidence.  By initiating and pursuing the aforementioned illegal and

27  fraudulent foreclosure proceedings, Defendants, and each of them, have acted with willful

28  oppressiveness and malice toward the Plaintiffs.

97. Plaintiffs have suffered damages proximately caused by the illegal and fraudulent foreclosure activities against them by Defendants, including but not limited to, the potential loss of the Subject Property, the loss of their down payment on the loan, the accrued equity in the Subject Property, increased costs and fees assessed against the Subject Property associated with the wrongful foreclosure activities – recording a defective Notice of Default  - and providing the FONTENOS WITH NO NOTICE - where no valid default occurred, severe emotional distress, the costs of retaining attorney to investigate the fraudulent and otherwise illegal activities of the defendants and damage to their credit.  Plaintiffs are also entitled to and seeks punitive damages against the Defendants as a result of the illegal, fraudulent and willfully oppressive foreclosure activities against Plaintiffs that Defendants, jointly, severally or in conjunction with each other, unjustly conducted.

## NINTH CAUSE OF ACTION
## ACCOUNTNG – ACTUAL VERIFICATION OF ALLEGED DEFAULT
### (Against Wells Fargo, Quality and DOES 1-10)

98. Plaintiffs refer to and incorporate by this reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

99. Plaintiffs demand verification and validation of alleged debt by Defendants providing an accounting which should include evidence of servicing from the failure of the original lender and actual lawful payment demands made to Defendants.

100. Plaintiff demands Defendants show history of mortgage payments made on the mortgage since its inception of the mortgage loan, to the amount that compliments Defendant's defective NOD.  This should be fairly simply, Plaintiff alleges no such information exists therefore all recorded NODs are defective on their face and Plaintiffs are entitled to monetary and punitive damages as provided by current law.

101. Defendants should provide a complete accounting of profits made on the Subject Property from their Wall Street dealings. While Defendants used the Subject Property as collateral for these dealings, Defendants never shared any profits with Plaintiffs.  Defendants' acts and the acts of Defendants' agents are contrary to current California law.  An accounting is necessary to verify

1   and justify the validity of any recorded NOD and the alleged "default".

2   102.Plaintiffs demand verification and validation of alleged debt by Defendants providing an

3   accounting which should include evidence of servicing from the failure of the original lender and

4   actual lawful payment demands made to Plaintiffs by Wells Fargo.

5   103.Plaintiff demands Defendants show numerous years of payments demands in an amount

6   that compliments the NOD.  This should be fairly simple, Plaintiff alleges no such information

7   exists therefore all recorded NODs are defective on their face.  Plaintiffs are entitled to damages as

8   the law allows.

9   104.Defendants should provide an accounting of profits made on the Subject Property from

10  their Wall Street dealings. While Defendants used the Subject Property as collateral for these

11  dealings, Defendants never shared any profits with Plaintiffs.

12  105.Defendants' acts and the acts of Defendants' agents are contrary to law.  An accounting

13  is necessary to verify and justify the validity of any NOD and the alleged "default" and the failure of

14  WELLS FARGO to provide lawfully required notices to the FONTENOS.

**TENTH CAUSE OF ACTION**
**Declaratory Relief**
**(Against Wells Fargo, Quality and DOES 1-10)**

17  106.  Plaintiff incorporates by reference every prior and subsequent allegation of this

18  Complaint as if fully restated here.

19  107.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual

20  controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and

21  other legal relations of any interested party seeking such declaration, whether or not further relief is

22  or could be sought." 28 U.S.C. § 2201(a).

23  108.  Plaintiffs therefore seek an order declaring unlawful Wells Fargo's practice of charging

24  faultless borrowers excessive fees to extend their mortgage interest rate, unjustly increase mortgage

25  payments to force an unlawful foreclosure, and that Wells Fargo is liable to the Fontenos for

26  damages caused by Defendants, and each of them,  continued bad faith practice against consumers.

27  / / /

28  / / /

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as set forth below:**

    1.   For a permanent injunction to cause Defendants to forever cease and desist from any and all actions against the Subject Property and the Fontenos;

    2.   Plaintiffs further pray that the Court issue an Order for Defendants, and each of them, to remove and cure all negative credit reports Defendants recorded and reported to any and all Credit Reporting Agencies which are derogatory to Plaintiffs' credit standing;

    3.   Clear title to the Subject Property in favor of Plaintiffs free and clear of any encumbrance by any Defendant;

    4.   Monetary damages for specific violations as properly alleged per violation in excess of 550,000.00;

    5.   For additional general, consequential, punitive and special damages according to proof;

    6.   For any and all other and further relief as this honorable court deems fair, just and proper.

    7.   Granting Plaintiff awards of restitution and/or disgorgement of Wells Fargo's profits from its unfair and unlawful practices described above;

    8.  For both pre-judgment and post-judgment interest on any amounts awarded;

    9.  For treble damages insofar as they are allowed by applicable laws;

    10. For payment of attorneys' fees and expert fees as may be allowable under applicable law;

    11. Plaintiff hereby demands a trial by jury on all issues so triable

    12. Declaring Wells Fargo's actions to be unlawful;

    13. Injunctive relief, including public injunctive relief permanently enjoining Wells Fargo from performing further unfair and unlawful acts as alleged herein;

    14. For all recoverable compensatory, statutory, and other damages sustained by Plaintiff including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

/ / /

/ / /

And for any other monetary, punitive or equitable relief this Honorable court deems, fair, just and proper.

Dated: July 27, 2025                    RESPECTFULLY SUBMITTED,


                                        **//s/** LEROY FONTENO, PLAINTIFF


                                          //s/  JAMESHIA FONTENO, PLAINTIFF

**<u>VERIFICATION</u>**

I, LEROY FONTENO, declare as follows:

I am the Plaintiff in this action, and I hereby declare I have read the foregoing Verified Amended Complaint and know the contents thereof and believe that the matters stated therein are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury, under the laws of the State Of California that the foregoing statements are true and correct to the best of my information and belief.

This verification was executed this 27th day of July, 2025 in Contra Costa County, California.

//s/Leroy Fonteno_____
LEROY FONTENO

**<u>VERIFICATION</u>**

I, JAMEISHA FONTENO, declare as follows:

I am the Plaintiff in this action, and I hereby declare I have read the foregoing Verified Complaint and know the contents thereof and believe that the matters stated therein are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury, under the laws of the State Of California that the foregoing statements are true and correct to the best of my information and belief.

This verification was executed this 27TH day of July, 2024 in Contra Costa County, California.

//s/ JAMESHIA  FONTENO___
JAMEISHA FONTENO

1

FONTENO, et al, v WELLS FARGO, *et al.*                          VERIFICATIONS