UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY HARVEY FONTENO, et al.,
Plaintiffs,
v.
WELLS FARGO BANK, N.A., et al.,
Defendants.

Case No. 25-cv-00415-ASK

**ORDER TO SHOW CAUSE RE: STANDING**

In December 2024, unrepresented plaintiffs Leroy Fonteno and his daughter Jameisha Fonteno sued Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan") in state court for claims arising from Wells Fargo's initiation of foreclosure proceedings. Dkt. 1-1. Wells Fargo removed the case to this Court in January 2025 based on diversity jurisdiction. Dkt. 1.

The Fontenos filed their First Amended Complaint ("FAC") in September 2025. Dkt. 46. Since then, Jameisha Fonteno filed a declaration explaining that her father, Leroy Fonteno, passed away in July 2025. Dkts. 54 ¶ 5; 54-2. In response, Wells Fargo challenged Ms. Fonteno's standing to pursue the alleged claims and requested that the Court issue an order to show cause as to whether Ms. Fonteno is the successor in interest of her father's estate. Dkt. 55. Ms. Fonteno replied with an additional declaration that attaches Mr. Fonteno's will, which commands that "100% of [his estate] shall be distributed to [his] child Jameisha Childs Fonteno, outright and free of trust." Dkt. 56-1 at 4. [1]

Wells Fargo insists that Ms. Fonteno "lacks standing to pursue claims arising from the origination of [Mr. Fonteno's] loan or the foreclosure of the subject property" because she is not

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

the original borrower. Dkt. 55 at 3; *see Ambers v. Wells Fargo Bank*, N.A., No. 13-CV-03940 NC, 2014 WL 883752, at *5 (N.D. Cal. Mar. 3, 2014) ("District courts in the Ninth Circuit have held that a plaintiff who is not a party to a mortgage loan cannot assert TILA, RESPA, ECOA, UCL, or fraud claims against a lender for improper disclosures.") (collecting cases); *see also Thomas v. Guild Mortg. Co.*, No. CV09-2687-PHX-MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) ("A homeowner who is not a party to a mortgage loan cannot assert TILA, RESPA, Home Ownership and Equity Protection Act, or fraud claims against a lender for improper disclosures.").

However, Ms. Fonteno claims to be Mr. Fonteno's successor in interest. Dkt. 56. In California, a decedent's successor in interest may continue a decedent's pending action. Cal. Civ. Proc. Code § 377.31; *see Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1054 (9th Cir. 2018) ("California's survivorship law is expansive—permitting either a personal representative or successor in interest to bring a claim on behalf of a decedent—and thus claims should rarely abate for lack of a proper plaintiff."). At least as to RESPA, a "confirmed successor in interest shall be considered a borrower." 12 C.F.R. § 1024.30(d); *see* 12 C.F.R. § 1024.31 (A "[c]onfirmed successor in interest means a successor in interest once a servicer has confirmed the successor's identity and ownership interest in a property that secures a mortgage loan."); *see also Shiflett v. Lakeview Loan Servicing, LLC*, No. 2:23-CV-00397-DJC-EFB, 2025 WL 603616, at *9 (E.D. Cal. Feb. 25, 2025) (allowing RESPA claim to proceed where the plaintiff "sufficiently pled that he may be entitled to the status of a confirmed successor in interest."); *id.* at *8 (observing that "a self-identified successor in interest may rightfully be entitled to the status of a borrower" for the purposes of continuing a decedent's RESPA claim); *Weber v. Wells Fargo Bank, N.A.*, No. 3:20-cv-48, 2021 WL 833949, at *7 (N.D. W.Va. Mar. 4, 2021) (allowing RESPA claim to proceed where the plaintiff alleged that she was the administrator and inheritor of her deceased husband's estate); *Barzelis v. Flagstar Bank, F.S.B.*, 784 F.3d 971, 978 (5th Cir. 2015) (reversing summary judgment on widow's RESPA claim because the district court had failed to account for the legal effect of husband's death under state law).

A "decedent's successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is

the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "[T]o continue a pending action or proceeding as [Mr. Fonteno's] successor in interest[,]" Ms. Fonteno must "execute and file an affidavit or a declaration under penalty of perjury" that states:

> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
> > (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
> >
> > (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Civ. Proc. Code § 377.32(a). Ms. Fonteno must also attach to that sworn declaration "[a] certified copy of the decedent's death certificate[.]" *Id.* § 377.32(c).

By **November 18, 2026**, the Court **ORDERS** Ms. Fonteno to provide a declaration that meets the requirements of § 377.32 and thus establishes Ms. Fonteno's standing to pursue Mr. Fonteno's claims as his successor in interest. *See, e.g.*, *Ward v. Wells Fargo Home Mortg., Inc.*, No. 14-CV-00565 NC, 2014 WL 6766032, at *4 (N.D. Cal. Nov. 29, 2014) ("[I]f plaintiff brings this suit as [the decedent]'s successor in interest, she must explain how she qualifies and state she filed the affidavit necessary under California law to commence an action as the successor in

interest.”).

**IT IS SO ORDERED.**

Dated: November 5, 2026

AJAY KRISHNAN
United States Magistrate Judge